UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> C.N.B. CONSTRUCTION, LLC, and SURETEC INSURANCE COMPANY, <br><br> Defendants. | Cause No. 2:23-CV-085-PPS-JEM |
| SURETEC INSURANCE COMPANY, <br><br> Cross-Plaintiff, <br><br> v. <br><br> C.N.B. CONSTRUCTION, LLC, <br><br> Cross-Defendant | |
| SURETEC INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> CARLOS BERNAL, <br><br> Third-Party Defendant. | |

**OPINION AND ORDER**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the

Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees

of the Teamsters Union Local No. 142 Annuity Fund, filed a motion for default judgment against Defendant C.N.B. Construction LLC. [DE 23.] The request is supported by a memorandum [DE 24], as well as an affidavit of Jay Smith, Fund Manager of Teamsters Union No. 142 Pension Fund, Training and Apprenticeship Trust Fund, and Annuity Fund [DE 24-1] and a chart summarizing C.N.B.'s liabilities for unpaid contributions and interest owed from October through December 2022, *id.* at 5.

For the following reasons, I will grant Plaintiffs' motion for default judgment and grant the requested damages as against Defendant C.N.B. Construction LLC.

## Background

Plaintiffs are trustees of a multi-employer benefit funds. They filed this collection action against C.N.B. Construction LLC, pursuant to Section 502(a)(3) and (g)(2) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1145 and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a). They are seeking to obtain unpaid benefit fund contributions, as provided in the parties' Collective Bargaining Agreements. [DE 1; DE 24-1 at 1–3, 5.] Those agreements require C.N.B. to pay contributions to various funds on behalf of employees performing work under the CBAs. Despite those written agreements, C.N.B. has failed to pay the required contributions.

Plaintiffs filed suit on March 7, 2023. [DE 1.] Summons was issued and returned executed as to C.N.B. [DE 3; DE 13.] Defendant SureTec Insurance Company, which stands as surety for C.N.B., has answered and raised defenses to the complaint. [DE 3;

2

DE 4; DE 8.] However, C.N.B. has not appeared by counsel or filed any answer or other responsive pleading. On June 9, Plaintiffs requested the Clerk enter default, and shortly thereafter obtained entry of default against C.N.B. [DE 14; DE 15; DE 16.]

Plaintiffs subsequently filed the pending motion for default judgment. I ordered Plaintiffs to mail C.N.B. a copy of the motion and any supporting papers. [DE 16.] The filings indicate that copies were mailed to C.N.B. at the address at which service was obtained, directed to the attention of Carlos Bernal (a third-party defendant who has also not made an appearance in the case). [DE 23 at 2; DE 24 at 6.] C.N.B. still has not filed an appearance, answer to the complaint, or any response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, default has been entered against the defendant by the Clerk.

Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the

complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Id.*; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Thus, if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*,

368 F.3d at 793. In other words, I still have to decide whether damages are appropriate, and in what amount.

In this case, there is no issue of material fact. C.N.B. is a party to two CBAs with the Union. [DE 24-1 at 1.] The CBAs, as amended, require C.N.B. to make periodic contributions to Plaintiffs' trust funds. *Id.* at 1–2. The default entered in this case was not merely technical – Plaintiffs' affidavit reflects C.N.B. failed to pay contributions despite demands for payment. *Id.* C.N.B. has been consistently delinquent in paying contributions, and as a result Plaintiffs have filed two previous lawsuits in this district and obtained judgment against C.N.B. in those cases for unpaid contributions and related amounts through the September 2022 work month. *Id.* at 2 (Case Nos. 2:21-CV-213-PPS-JPK and 2:22-CV-261-PPS-JEM).

The CBAs require C.N.B. to make contributions to the Funds of which Plaintiffs are trustees. [DE 24 at 2–3; *see* DE 1.] Additionally, the CBAs incorporate by reference the terms of the Funds' Trust Agreements. The Trust Agreements give Plaintiffs the authority to collect employer contributions due to the Fund. Pursuant to the terms of the CBAs, Trust Agreements, and Plaintiffs' collection policies, C.N.B. is required to submit all monthly reports and contributions by the specified due dates. If payment is late, the contributions are delinquent and subject to liquidated damages of 20% of the contribution amount and interest at the rate of 10% per year until paid in full. [DE 24 at 2.] C.N.B. is also liable for all attorney fees and costs incurred in the connection with the collection of delinquent contributions and/or other amounts owed to the Funds. *Id.*

5

ERISA requires obligated employers to contribute funds pursuant to the terms of a CBA. 29 U.S.C. § 1145. Here, the CBAs explicitly require contribution to the Plaintiffs' funds, and the Trust Agreement outlines the consequences of delinquent contributions. Smith's affidavit and the attached exhibits summarize the delinquent contributions and ancillary amounts owed. Because C.N.B. has failed to contest the allegations, it is liable for the delinquent contributions, interest, liquidated damages, and attorney fees and costs.

Because Plaintiffs are entitled to a default judgment on their claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, like in this case, such a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Plaintiffs have provided this information. Under section 1132(g)(2), a mutli-employer plan that is awarded a judgment under section 1145 is entitled to be paid: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) the greater of interest or liquidated damages of up to 20% as specified in the plan; (4) reasonable attorney's fees and costs; and (5) other legal or equitable relief that the court deems

appropriate. 29 U.S.C. § 1132(g)(2). Courts have held that the award of these remedies is mandatory when the plan prevails. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 608 (7th Cir. 2002).

Plaintiffs have established through the Smith affidavit that at the time of the motion for default judgment, C.N.B. had incurred liabilities to the trust funds totaling $75,420.31 in unpaid contributions covering the months of October through December 2022 (plus interest owed on those amounts through the filing of the motion on July 10). [DE 24-1 at 2–3, 5.] Regarding liquidated damages, C.N.B. owes $8,959.44 in liquidated damages to the Pension Fund, $4,753.40 in liquidated damages to the Annuity Fund, and $504.15 in liquidated damages to the Training Fund. *Id.* at 3. C.N.B. has not disputed any of the amounts claimed.

**ACCORDINGLY:**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, Motion for Default Judgment [DE 23] is **GRANTED**.

The Clerk is directed to enter default in the total amount of $89,637.30 (representing unpaid contributions, liquidated damages, and interest incurred through the filing of Plaintiffs' motion on July 10, 2023), in favor of Plaintiffs and against Defendant C.N.B. Construction LLC. Plaintiffs are also awarded post-judgment interest

7

at the statutory rate along with any additional attorney's fees and costs incurred in collecting the judgment amount.

Entry of this judgment against Defendant C.N.B. Construction LLC shall not entitle Plaintiffs to any relief from Defendant SureTec Insurance Company, preclude any of SureTec's defenses, or have any preclusive effect as to SureTec which as surety for C.N.B. has answered and raised defenses to the complaint.

**SO ORDERED**.

ENTERED: September 1, 2023.

      /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT