UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> C.N.B. CONSTRUCTION, LLC, and SURETEC INSURANCE COMPANY, <br><br> Defendants. <br> _____ <br><br> SURETEC INSURANCE COMPANY, <br><br> Counter-Plaintiff, <br><br> v. <br><br> TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, <br><br> Counter-Defendants. <br> _____ <br><br> SURETEC INSURANCE COMPANY, <br><br> Cross-Plaintiff, <br><br> v. <br><br> C.N.B. CONSTRUCTION, LLC, <br><br> Cross-Defendant. <br> _____ <br><br> SURETEC INSURANCE COMPANY, | Cause No. 2:23-CV-085-PPS |

|                              |   |
|------------------------------|---|
| Third-Party Plaintiff,       | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| CARLOS BERNAL,               | ) |
|                              | ) |
| Third-Party Defendant.       | ) |

## OPINION AND ORDER

Third-Party Plaintiff SureTec Insurance Company has filed a Motion for Default Judgment against Third-Party Defendant Carlos Bernal relative to Count II of SureTec's Third Party Complaint. [DE 51]. The request is supported by a memorandum as well as an affidavit from Kathleen Weldon, a Vice President at SureTec. [DE 52; DE 51-1]. For the reasons detailed below, I will grant SureTec's Motion for Default Judgment and grant the requested damages as against Third-Party Defendant Carlos Bernal.

## Background

This suit was initiated by Plaintiffs who are Trustees of three Teamster Union trust funds. They filed this collection action against C.N.B. Construction LLC pursuant to Section 502(a)(3) and (g)(2) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a). The complaint also asserted a breach of contract claim against SureTec in relation to SureTec's role as surety of C.N.B.'s Employer's Bond. [*See* DE 1]. The Teamsters filed this suit to obtain unpaid benefit fund contributions, as provided in the parties' Collective Bargaining Agreements. [DE 1; DE 24-1 at 1–3, 5.] Those agreements require C.N.B. to pay contributions to

2

various funds on behalf of employees performing work under the CBAs. Despite those written agreements, C.N.B. failed to pay the required contributions.

On June 28, 2023, SureTec filed its First Amended Answer, Counterclaims, Crossclaims, and Third-Party Complaint. [DE 20]. SureTec's Amended Answer asserted crossclaims against C.N.B. and a third-party action against Carlos Bernal who is alleged to be the sole member of CNB Construction LLC. [*Id.*] Summons was issued and returned executed as to Carlos Bernal. [DE 22; DE 40]. Bernal has not appeared by counsel or filed any answer or responsive pleading.

On September 1, 2023, I granted default judgment in favor of the Teamster Plaintiffs as against C.N.B. [DE 31]. Plaintiffs were awarded $89,637.30 (representing unpaid contributions, liquidated damages, and interest incurred through the filing of Plaintiffs' motion on July 10, 2023). Plaintiffs were also awarded post-judgment interest at the statutory rate along with attorney's fees and costs incurred in collecting the judgment amount. [DE 31 at 7-8].

On August 21, 2024, the Teamster Plaintiffs, Central States, and SureTec informed the Court they reached a settlement resolving all claims at issue among them and agreeing to dismiss those claims with prejudice. [DE 47]. On August 22, 2024, the claims at issue among the Teamster Plaintiffs, Central States, and SureTec were dismissed with prejudice leaving only SureTec's claims against C.N.B. and Carlos Bernal [DE 48].

On January 2, 2024, SureTec requested the Clerk enter default against Carlos Bernal and shortly thereafter obtained an entry of default against Bernal. [DE 41; DE 42].

3

On March 28, 2024, SureTec filed a Motion for Default Judgment against Carlos Bernal. [DE 43]. During a telephonic conference on August 27, 2024, I denied SureTec's Motion for Default Judgment against Bernal, but granted SureTec leave to refile the motion within 30 days. [DE 49; DE 50]. SureTec has timely refiled its Motion for Default Judgment against Bernal. [DE 51].

SureTec's most recent Motion for Default Judgment against Carlos Bernal indicates that the motion, memorandum, and supporting declaration were mailed to Carlos Bernal at the address at which service was obtained. [DE 51 at 5; DE 52 at 11]. Bernal still has not filed an answer, appearance, or response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, default has been entered against Carlos Bernal by the clerk. [*See* DE 42]. Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider several factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Id.*; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2685 (4th ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Thus, if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. In other words, I still have to decide whether damages are appropriate, and in what amount.

Here, there is no issue of material fact. Carlos Bernal executed, in his personal capacity and on behalf of C.N.B., an Indemnification Agreement as a condition of

5

SureTec's execution of surety bonds on behalf of C.N.B. [DE 20-4]. Among other things, the Indemnity Agreement obligates Bernal to indemnify and save SureTec harmless from any and all liability and loss it may incur by reason of executing bonds on behalf of C.N.B. Paragraph 4 of the Indemnity Agreement states that Bernal agreed as follows:

> **[T]o indemnify and keep indemnified SureTec and its agents and representatives and hold and save them harmless from and against any and all liability, damage, loss, cost and expense** of whatsoever kind or nature, including attorneys' fees, claims adjusting expenses, and investigative expenses, whether paid to outside parties or for company personnel **which SureTec or its agents** or representatives may at any time **sustain or incur by reason or in consequence of have executed or procured the execution of the bond** or enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability under the bond.

[DE 20-4] (emphasis added).

The Indemnity Agreement also provides SureTec with the right to settle, compromise, prosecute, or defend any claim against any of SureTec's bonds, and that any settlement or compromise made by SureTec is conclusive as to Bernal. Paragraph 8 of the Indemnity Agreement provides:

> **SureTec in it[s] sole discretion and without notice to Applicants, is hereby authorized but not required from time to**: . . . (b) take such action as it may deem appropriate to prevent or minimize loss under said bond . . . (c) **adjust, settle or compromise any claim or suit arising under said bond** and, . . . to take any action it may deem appropriate and any adjustment, settlement or compromise made or action taken by SureTec shall be conclusive against and binding upon the undersigned.

[DE 20-4] (emphasis added).

6

SureTec has requested default judgment against Bernal in relation to Count II of its third-party complaint asserting a claim for breach of the indemnity agreement. SureTec states that it has settled the claims asserted against it in this action related to its execution of C.N.B.'s surety bonds and that Bernal has failed to indemnify SureTec as agreed to in the indemnity agreement. [DE 52 at 4-7]. As explained by SureTec, in late 2022 through early 2023, SureTec began receiving claims against the Bond from the Teamsters and Central States related to C.N.B.'s failure to make contributions pursuant to the various CBAs. [DE 52 at 6]. In a January 2023 letter, SureTec demanded that Bernal deposit collateral totaling $200,000 in relation to the claims against the Bond, an amount that equaled SureTec's reserve relative to the Bonds at that time. Despite SureTec's demand, Bernal failed to deposit any collateral or indemnify or reimburse SureTec for its losses, costs, and expenses. [*Id.*]

As explained in SureTec's memorandum supporting its motion for default judgment, the provisions of the indemnity agreement executed by Bernal are valid and enforceable. [DE 52 at 9-10]. *See also*, *Hanover Ins. Co. v. Red Cliff, Inc.*, 2014 WL 10121215, at *5 (W.D. Tex. Oct. 7, 2014) (explaining that indemnity agreements are construed to give effect to the parties' intent as expressed in the agreement); *Mead Johnson & Co. v. Kenco Grp., Inc.*, 899 N.E.2d 1, 3 (Ind. Ct. App. 2009) (explaining that courts construe an indemnity agreement to cover all losses and damages to which it reasonably appears the parties intended it to apply).

7

Because SureTec is entitled to a default judgment on its claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such as in this case, a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

SureTec has established its damages through the sworn declaration of Kathleen Weldon, its Vice President of Commercial Claims. In her declaration, Weldon attests that SureTec has paid $250,000.00 to settle the claims asserted against it in this action. [DE 51-1 at ¶8]. Weldon's declaration also states SureTec has paid and incurred additional losses, costs, and expenses totaling $47,198.00. [*Id*.] Bernal has failed to dispute any of the amounts claimed. The definite figures provided in Weldon's declaration are sufficient evidence of damages for purposes of default judgment. *See e.g.*, *Cent. Laborers' Pension Fund v. Gronemeier Concrete Cutting, Inc.*, 2019 WL 13474455, at *1 (C.D. Ill. Dec. 10, 2019) (finding an evidentiary hearing on the amount of damages unnecessary where plaintiffs specified the damages sought and substantiated the amounts through sworn affidavits); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (explaining that

an evidentiary proceeding regarding damages is not required when the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits).

Considering the entry of default as to Bernal, Bernal's failure to appear or respond, and SureTec's motion for default judgment and supporting documents, SureTec is entitled to default judgment. As explained in SureTec's motion for default judgment, an entry of default judgment in its favor on Count II of its Third-Party Complaint will moot its remaining claims against Bernal and C.N.B. [DE 51 at 3].

**ACCORDINGLY:**

1. SureTec's Motion for Default Judgment against Third-Party Defendant Carlos Bernal relative to Count II of SureTec's Third Party Complaint [DE 51] is **GRANTED**.

2. The Clerk is **INSTUCTED TO ENTER JUDGMENT** in SureTec's favor and against Carlos Bernal relative to Count II of SureTec's Third-Party Complaint sounding in "Breach of the Indemnity Agreement" in the amount of $297,198.00.

3. The entry of judgment with respect to Count II of SureTec's Third-Party Complaint has mooted Counts I, III, and IV of SureTec's Third-Party Complaint, which are hereby **DISMISSED WITHOUT PREJUDICE**.

4. SureTec's remaining crossclaims against Cross-Defendant C.N.B. Construction, LLC in this action are also hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: April 14, 2025.

                                             /s/ Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT